UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROCHELLE MILLMAN and<br>LEONARD MILLMAN,<br><br>          Plaintiffs<br><br>   vs.<br><br>BIOMET ORTHOPEDICS, INC.,<br>et al.,<br><br>          Defendants | CAUSE NO. 3:13-CV-77 RLM-CAN<br><br><br><br>This Document Relates to:<br>Cause No. 3:12-MD-2391 RLM-CAN |

## OPINION and ORDER

Illinois citizens Rochelle and Leonard Millman brought suit against defendants Biomet Orthopedics, LLC, and Biomet, Inc. (collectively, Biomet)[1] and T.L. Weis & Associates, Inc. and Adam Garcia (Weis defendants)[2] in the Cook County, Illinois, Circuit Court for strict product liability, negligence, and loss of consortium. Biomet removed the case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1446, alleging diversity of citizenship. The Judicial Panel on Multidistrict Litigation transferred the case into the Biomet multi-district litigation docket in this court.

---

[1] Two other improperly named Biomet entities – Biomet and Biomet Orthopedics, Inc. – were dismissed as defendants following transfer of the case to this court.

[2] The complaint also names "A. Garcia" as a defendant; according to the defendants, A. Garcia and Adam Garcia are the same person. Adam Garcia is an employee of T.L. Weis & Associates, Inc.

The case is before me on the Millmans' remand motion. For diversity purposes, the Millmans are citizens of Illinois; the Biomet defendants are Indiana citizens; T.L. Weis & Associates is an Illinois citizen; and Adam Garcia is a citizen of Illinois. In removing the case to federal court, Biomet claimed that the Weis defendants' citizenship should be disregarded because those defendants were fraudulently joined, *i.e.*, the Millmans have no reasonable probability of establishing or prevailing on any claim against the Weis defendants. The Millmans argue in their remand motion that their complaint contains viable causes of action against the Weis defendants.

Federal jurisdiction based on diversity of citizenship requires that the parties be completely diverse. 28 U.S.C. § 1332(a). A plaintiff can't join a non-diverse defendant for the sole purpose of destroying diversity jurisdiction. Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 763 (7th Cir. 2009). To establish fraudulent joinder, a removing defendant must show that, "'after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.' Framed a different way, the . . . court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant. A defendant bears a 'heavy burden' to demonstrate that the joinder is fraudulent. " Schur v. L.A. Weight Loss Ctrs., 577 F.3d 752, 764 (7th Cir. 2009) (*quoting* Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). Fraudulent joinder doesn't require a showing of bad faith on the plaintiff's part, but exists if the claims against the non-diverse defendant have no

chance of success. Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992); Scheinman v. BMW of North America, LLC, No. 10 C 4848, 2010 WL 3937489, at *2 (N.D. Ill. Sept. 30, 2010). If the removing defendant can meet this "heavy burden," the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction,'" Schur v. L.A. Weight Loss Ctrs., 577 F.3d 752, 763 (7th Cir. 2009) (internal quotation and citation omitted); *see also* Morris v. Nuzzo, 718 F.3d 660, 666 (7th Cir. 2013) ("Because the district court may 'disregard' the nondiverse defendant, we have described the fraudulent joinder doctrine as an 'exception' to the requirement of complete diversity.").

To decide whether a defendant has been fraudulently joined, I can pierce the pleadings to consider summary judgment-type evidence, such as affidavits and deposition testimony. *See* Rutherford v. Merck & Co., Inc., 428 F. Supp. 2d 842, 848 (S.D. Ill. 2006) (fraudulent joinder considerations are limited to "uncontroverted . . . evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law"). "[A] limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case." Siegel v. H Group Holding, Inc., No. 07 C 6830, 2008 WL 4547334, at * 3 (N.D. Ill. Apr. 9, 2008). *Compare* Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 183-185 (1907) (concluding that non-diverse defendant was fraudulently joined where uncontradicted affidavits showed the defendant was merely a draftsman

3

with no responsibility for designing the machine at issue), and Faucet v. Ingersoll-Rand Min. & Machinery Co., 960 F.2d 653, 654-655 (7th Cir. 1992) (fraudulent joinder established via uncontroverted affidavit statement of defendant that he "had absolutely nothing to do with" the machine alleged to have caused plaintiff's injury), *with* Momans v. St. John's Northwestern Military Academy, Inc., No. 99 C 8510, 2000 WL 33976543, at *4 (N.D. Ill. Apr. 20, 2000) (court declined to consider defendants' affidavits on issue of fraudulent joinder where affidavits contained "substantive, rather than jurisdictional facts" addressing "the merits of the case" rather than the propriety of removal).

*Strict Liability Claim*

Biomet claims the Millmans' complaint doesn't contain allegations sufficient to state a claim under the Illinois Distributor Statute, 735 Ill. Comp. Stat. 5/2-621, which provides that "[i]n any product liability action based in whole or in part on the doctrine of strict liability in tort," a court must dismiss a non-manufacturer defendant once that defendant "files an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage." Whelchel v. Briggs & Stratton Corp., 850 F. Supp. 2d 929, 932 (N.D. Ill. 2012) (*quoting* Historical and Statutory Notes to 735 ILCS 5/2-621 (providing pre-amendment language of subsections (a) and (b)) and 735 ILCS 5/2-621(b)); South Side Trust and Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd., 927 N.E.2d 179, 186 (Ill. App. Ct. 2010) (same). "A court may not order dismissal, however,

4

where a plaintiff shows that the distributor (1) participated in the design or manufacture of the product, (2) had actual knowledge of the defect in the product, or (3) created the defect in the product." Whelchel v. Briggs & Stratton Corp., 850 F. Supp. 2d 929, 932 (N.D. Ill. 2012) (*quoting* 735 ILCS 5/2-621(c)).

Biomet relies on the declaration of Timothy Weis, owner of defendant T.L. Weis & Associates, Inc., who states that Biomet Orthopedics, LLC is the manufacturer of the Magnum Device and the components of the device at issue in this case. Weis Decl. (Removal Notice, Exh. D), ¶ 4. Mr. Weis also says Weis & Associates didn't exercise any control over the design or manufacture of the Magnum Device, played no role in the design, testing, or manufacture of the Magnum Device, and delivers the Magnum Devices to hospitals "in sterile packaging that has been labeled, packaged, and sealed by Biomet." Weis Decl., ¶¶ 6, 9, 10. The Millmans haven't challenged any of Mr. Weis's statements nor have they come forward with any contrary evidence.

The complaint against the Weis defendants must be dismissed unless the Millmans can demonstrate a reasonable possibility that the Weis defendants "participated in the design and manufacturer of the allegedly defective product, had actual knowledge of the alleged defect in the product, or created the defect." South Side Trust and Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd., 927 N.E.2d 179, 186 (Ill. App. Ct. 2010). They haven't done so. The Millmans haven't set forth specific facts supporting their conclusion that a reasonable possibility exists that the Weis defendants had actual knowledge of the defect in the product.

5

*See* Pooh-Bah Enterprises, Inc. v. County of Cook, 905 N.E.2d 781, 789 (Ill. 2009) ("A plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations."); Beahringer v. Page, 789 N.E.2d 1216, 1221 (Ill. 2003) ("A plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted."). Nor have they set forth any facts that could reasonably support their conclusion that the Weis defendants created a defective condition by mishandling or altering the Magnum Device. *See* Weidner v. Midcon Corp., 767 N.E.2d 815, 819 (Ill. App. Ct. 2002) ("[A]n actionable wrong cannot be made out merely by characterizing acts as having been wrongfully done.").

The Millmans claim in their reply that because a defendant dismissed under the distributor statute may be reinstated, a dismissal under that statute is merely conditional, the dismissed defendant remains a party to the action, and no fraudulent joinder can be found. While the distributor statute allows a plaintiff "'at any time' to move to reinstate a dismissed defendant upon a showing that an action against the manufacturer is time-barred, the manufacturer was incorrectly identified, the manufacturer is not subject to the court's jurisdiction, or the manufacturer cannot satisfy a judgment or settlement," Scheinman v. BMW of North America, LLC, No. 10 C 4848, 2010 WL 3937489, at *3 (N.D. Ill. Sept. 30, 2010) (*citing* 735 ILCS 5/2–621(b)), the Millmans haven't alleged that any of those scenarios apply here. In addition, more recent cases have held to the contrary: "To allow the conditional nature of a § 2-621 dismissal to defeat diversity jurisdiction

6

in all cases where a distributor is nondiverse would change the *Poulos* 'reasonable possibility' test into an 'any possibility' test. The question, therefore, is whether there is a 'reasonble possibility' that plaintiff can establish one of the § 2-621(c) factors and, if not, whether there is a 'reasonable possibility' that the plaintiff will be unable to recover from the manufacturer for one of the reasons stated in § 2-621(b)." Whelchel v. Briggs & Stratton Corp., 850 F. Supp. 2d 926, 934 (N.D. Ill. 2012); *see also* Xiaofa Shi v. American Honda Motor Co., Inc., No. 11 C 2682, 2011 WL 5403618, at * 2 (N.D. Ill. Nov. 8, 2011); Steel v. Ford Motor Co., No. 11 C 460, 2011 WL 1485380, at * 4 (N.D. Ill. Apr. 19, 2011).

The Millmans haven't established a reasonable possibility that they could prevail on their claim of strict liability against the Weis defendants.

*Negligence Claim*

The Millmans allege in their complaint that the Weis defendants were negligent when they "recommended" that the Biomet hip be implanted in Ms. Millman. A claim of negligence may be established under Illinois law by showing that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the breach was the proximate cause of plaintiff's injury. F.D.I.C. v. Masarsky, No. 12 C 6353, 2013 WL 4560057, at *10 (N.D. Ill. Aug. 27, 2013); Calles v. Scripto-Tokai Corp., 864 N.E.2d 249, 263 (Ill. 2007). Under the learned intermediary doctrine, the duty of care relating to a medical device is owed to a patient by the physician, not by the distributor of the device: "[The] doctor, not the

7

manufacturer or distributor of the medical device, owes [the patient] a duty to warn of potential risks." Rumick v. Stryker Corp., No. 09 C 7736, 2010 WL 5060251, at *4 (N.D. Ill. Dec. 3, 2010); *see also* Kennedy v. Medtronic, Inc., 851 N.E.2d 778, 784 (Ill. App. Ct. 2006) (the prescribing doctor "acts as a 'learned intermediary' between the manufacturer and the consumer"). The Millmans haven't alleged that the Weis defendants owed them a duty of care.[3] "Lacking a threshold allegation of the existence of a duty, allegations that certain acts or omissions are negligent are conclusory and are insufficient to state a cause of action for negligence." McLean v. Rockford Country Club, 816 N.E.2d 403, 407 (Ill. App. Ct. 2004).

The Millmans claim that evidence establishing "substantial involvement" by the Weis defendants demonstrates "a reasonable possibility that [they] can prevail against the Weis defendants in a negligence claim." The Millmans first point to Timothy Weis' declaration in which, as they read it, he acknowledged that the Weis defendants disseminated information concerning the prosthetic hip device, displayed samples of the device, and delivered the device to Good Shepherd Hospital the day it was implanted. The Millmans' argument in this regard only tells part of the story: Mr. Weis's declaration statements are that the information disseminated by his company about the device was "created and prepared by

---

[3] To the extent the Millmans present a claim for negligent misrepresentation, they haven't alleged any duty on the part of the Weis defendants "to use due care in obtaining and communicating information upon which others may reasonably be expected to rely in the conduct of their economic affairs." Fox Assocs., Inc. v. Robert Half Int'l, Inc., 777 N.E.2d 603, 609 (Ill. App. Ct. 2002).

8

Biomet;" the devices supplied to hospitals were "pre-ordered Biomet devices . . . with the package inserts and marketing materials accompanying the prosthesis;" the devices were "delivered to the hospital in sterile packaging that [have] been labeled, packaged, and sealed by Biomet;" and [i]in no event does or did Weis or any Weis representatives remove the implant from the inner sterile packaging prior to it being implanted in the patient." Weis Dec., ¶ 10. Mr. Weis says, too, that the Weis defendants don't "offer or make any warranties on any Biomet product" and have never made "any representations or statement or provided any express or implied warranties to any physician or to any member of the public, including the plaintiffs in this case." Weis Dec., ¶ 12. Mr. Weis adds that "[t]he decision to implant a certain prosthesis is made by a physician and not by Weis or its representatives," Weis Dec., ¶ 12, and neither he nor any Weis representative "had any direct dealings or communications with either of the plaintiffs in this case." Weis Dec., ¶ 13. Although the Millmans point to portions of Mr. Weis's declaration statements, they haven't challenged those statements or any other statements made by Mr. Weis in his declaration.

The Millmans also contend that hospital records show the Weis defendants participated in the surgical procedure – the Millmans assert that "[b]y remaining in the operating room throughout the procedure, the Weis defendants were far more involved with the subject prosthetic hip than its mere delivery to the hospital as Timothy Weis' declaration asserts." Remand Mot., ¶ 15. The document upon which they rely, entitled "Operative Nursing Record," lists "A. Garcia, Biomet Rep."

9

as an "Observer" on April 16, 2008. The Millmans' complaint alleges that the Weis defendants "recommended" implantation of the Magnum Device, an allegation that doesn't equate to a claim that the Weis defendants "participated" in the surgical procedure. *See* Cangemi v. Advocate South Suburban Hosp., 845 N.E.2d 792, 804 (Ill. App. Ct. 2006) ("a plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted"). The Millmans have alleged no facts to support their conclusions that the Weis defendants "improperly or incompletely disseminated information [that] resulted in incomplete information or negligent advice being provided to the plaintiff's surgeon," Remand Mot., ¶ 17, or that the Weis defendants "mishandled or altered the product and thereby created the defective condition that caused the plaintiff's damages." Remand Mot., ¶ 18. *See* Montgomery v. American Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010) (conclusory statements are not admissible as evidence); Marshall v. Burger King Corp., 856 N.E.3d 1048, 1053 (Ill. 2006) ("The plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action, not simply conclusions."). Thus, the Millmans haven't demonstrated that they have a reasonable possibility of prevailing on a negligence claim against the Weis defendants. *See* Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (defendant not required to "negate any possible theory that [plaintiffs] may allege in the future: only [their] present allegations").

Based on the foregoing,

(a) I DENY the plaintiffs' motion to remand [docket # 6] and DISMISS their claims against defendants T.L. Weis & Associates, A. Garcia, and Adam Garcia contained in Counts III and IV of their complaint, and

(b) I DENY AS MOOT the motion to dismiss of defendants T.L. Weis & Associates, A. Garcia, and Adam Garcia [docket # 30].

SO ORDERED.

ENTERED:     December 10, 2013

                                      /s/ Robert L. Miller, Jr.
                                      Judge, United States District Court